**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, THE STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, DISTRICT OF COLUMBIA, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, VIRGINIA, WASHINGTON, WISCONSIN, THE CITY OF CHICAGO, AND THE CITY OF NEW YORK *ex rel.* OMNI HEALTHCARE INC., <br><br> Plaintiffs, <br><br> v. <br><br> MCKESSON CORPORATION, MCKESSON SPECIALTY CARE DISTRIBUTION CORPORATION, MCKESSON SPECIALTY DISTRIBUTION LLC, MCKESSON SPECIALTY CARE DISTRIBUTION JOINT VENTURE, L.P., ONCOLOGY THERAPEUTICS NETWORK CORPORATION, ONCOLOGY THERAPEUTICS NETWORK JOINT VENTURE, L.P., US ONCOLOGY, INC., and US ONCOLOGY SPECIALTY, L.P., <br><br> Defendants. | Case No.: 12-CV-06440(NG)(LB) <br><br> **FILED UNDER SEAL** |

**OMNI HEALTHCARE INC.'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Recognizing that this case and *Underwood* allege two entirely separate fraudulent schemes, Defendants[1] conjure up a new theory that is even more over-reaching and unsupported than their original argument: namely, that the recently unsealed complaint in *United States ex rel. Mullen v. AmerisourceBergen Corp.*, No. 10-4856 (E.D.N.Y.), and *Underwood together,* constitute allegations of industry-wide fraud that immunize any other potential defendants, such as McKesson, from liability for overfill fraud. No statutory or case law supports this theory.

The only case Defendants cite to support this theory, *United States ex. Rel. Bartz v. Ortho/McNeil Pharm. Inc.,* 856 F. Supp. 2d. 253 (D. Mass, 2012), is completely inapposite. In *Bartz*, a later-filed action was found to be barred by first-filed actions that alleged exactly the same fraudulent scheme by the same defendant, *i.e.*, that Johnson & Johnson had illegally paid kickbacks to induce wholesalers to purchase Risperdal. In that context, adding additional facts or additional recipients of the kick-backs added nothing to the fundamental claims.

In this case, in contrast, *Mullen,* like *Underwood,* alleged an entirely separate fraud. *Mullen* was based on the knowledge of an AmerisourceBergen Corporation ("ABC") insider, who details a fraudulent scheme perpetrated *exclusively by ABC-affiliated defendants*. It outlines how ABC's "pharmacy" in Dothan, Alabama engaged in illegal overfill extractions and repackaging (ECF No. 55-11 ¶¶ 184-213), and how ABC was *uniquely* situated to effectuate its alleged scheme because: "ABC is **the only** major wholesaler who owns an oncology distributor (OSC), an oncology GPO (ION), and a purported oncology 'pharmacy' (MII)." (*id.* ¶ 167)(emphasis added).[2] It is in this context – noting how unique ABC is in terms of this three-horizontal-layer industry ownership, that Mullen drops *a mere footnote* to further emphasize this point saying: "Even now, McKesson

---

[1] Terms undefined herein are accorded the definitions given in Omni's opposition.

[2] *See also id.* ¶¶ 3 and 166 (same); *also id.* ¶¶ 150, 161-64, 191.

is the only wholesaler besides ABC who jointly owns a GPO (National Oncology Alliance) and a distributor (OTN)," (*id.* ¶ 167 n. 2). Mullen merely identifies McKesson as one of countless competitors. It does not allege that McKesson owns a pharmacy, and in no way suggests that McKesson (or anyone else in the industry) engaged in the wrongdoing. *None* of Omni's McKesson Defendants (or other McKesson affiliates) were defendants in *Mullen*, nor were they identified as unnamed co-conspirators. Indeed, not one paragraph in the 387-paragraph 135-page complaint even *hints* that any McKesson-affiliated entity defrauded the government or that there was some kind of industry-wide fraud. If anything, the *Mullen* complaint ensures that the government would focus its investigation *exclusively* on the ABC defendants.

The other cases Defendants cite also do not support Defendants' theory that *Underwood* and *Mullen* together somehow bar any overfill claims being made against any other defendants. In *United States ex rel. Bane v. Life Care Diagnostics*, No. 06-467, 2008 WL 4853599, at *2-6 (M.D. Fla. Nov. 10, 2008), the court addressed successive actions *by the same relator* against four of the same defendants, and "even though [the relator] neglected to name [the moving defendant] as a party to the first action," the first complaint contained numerous allegations of wrongdoing against the newly named, moving defendant, and the "actions [were] nearly identical, paragraph for paragraph." In *United States v. Medco Health Solutions, Inc.*, 2017 WL 63006, at *11 (D. Del. Jan. 5, 2017), the court applied the first-to-file rule to dismiss a newly named defendant who was sued along with two of the original defendants because the new defendant was "*expressly identified*" in the first complaint *as a member of the conspiracy* and mentioned "*no fewer than fifty times*." (emphasis added). And in *United States ex rel. Szymoniak v. ACE Securities Corp.*, 2014 WL 1910876, at *1, *2, *4-5 (D.S.C. May 12, 2014), the court dismissed a second action *by the same relator* against many of the original fifteen defendants plus some additional defendants, all

of whom were the trustees, servicers, or depositors of the trusts at issue in the first action, where the second action alleged "most, if not all, [of the same] essential or material facts" as the first action which, in turn, had alleged "a wide-spread pattern and practice of forging [mortgage assignment] documents" that "tainted foreclosures in South Carolina and nationwide").[3]

In sum, neither *Underwood* nor *Mullen,* whether read separately or together, bar this qui tam action, because this case alleges a fraud entirely distinct from the fraud alleged in those cases.

## CONCLUSION

For the foregoing reasons and those stated in Omni's opposition, Omni respectfully requests that this Court deny Defendants' motion to dismiss.

Dated: November 1, 2018

        Respectfully submitted,

        BOIES SCHILLER FLEXNER LLP

    By: /s/ George F. Carpinello
        George F. Carpinello
        Teresa A. Monroe
        30 South Pearl Street
        Albany, New York 12207
        Phone: (518) 434-0600
        Fax: (518) 434-0665

        Courtney R. Rockett
        Lisa Sokolowski
        333 Main Street
        Armonk, New York 10504
        Phone: (914) 749-8200
        Fax: (914) 749-8300

        *Counsel for Relator Omni Healthcare, Inc.*

---

[3] *See also* Opp. 14-15 (discussing *Grynberg* and *Hampton*), 15 n.11 (discussing *Medco*, *Szymoniak*, *Powell*, and *Lisitza*).