UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA, THE STATES
OF CALIFORNIA, COLORADO,
CONNECTICUT, DELAWARE, DISTRICT OF
COLUMBIA, FLORIDA, GEORGIA, HAWAII,
ILLINOIS, INDIANA, IOWA, LOUISIANA,
MARYLAND, MASSACHUSETTS, MICHIGAN,
MINNESOTA, MONTANA, NEVADA, NEW
HAMPSHIRE, NEW JERSEY, NEW MEXICO,
NEW YORK, NORTH CAROLINA,
OKLAHOMA, RHODE ISLAND, TENNESSEE,
TEXAS, VERMONT, VIRGINIA, WASHINGTON,
WISCONSIN, THE CITY OF CHICAGO, and
THE CITY OF NEW YORK *ex rel.* OMNI
HEALTHCARE INC.,

      Plaintiffs,

v.

MCKESSON CORPORATION, MCKESSON
SPECIALTY CARE DISTRIBUTION
CORPORATION, MCKESSON SPECIALTY
DISTRIBUTION LLC, MCKESSON SPECIALTY
CARE DISTRIBUTION JOINT VENTURE, L.P.,
ONCOLOGY THERAPEUTICS NETWORK
CORPORATION, ONCOLOGY THERAPEUTICS
NETWORK JOINT VENTURE, L.P., US
ONCOLOGY, INC., and US ONCOLOGY
SPECIALTY, L.P.,

      Defendants.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 28 2019 ★

BROOKLYN OFFICE

**OPINION & ORDER**

12-CV-6440 (NG) (ST)

**GERSHON, United States District Judge:**

Relator Omni Healthcare Inc. ("Omni") moves under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 for reconsideration of this court's February 4, 2019 order dismissing all claims against Oncology Therapeutics Network Joint Venture, L.P. ("OTNJV"). *United States v. McKesson Corp.*, 2019 WL 438357, at *12 (E.D.N.Y. Feb. 4, 2019). In the alternative, Omni requests that this court defer ruling on the motion and allow limited discovery for statute of

1

limitations purposes, or certify the case for an interlocutory appeal under 28 U.S.C. § 1292(b). For the reasons set forth below, Omni's motion and additional requests are denied.

I.  **Discussion**

    A.  **Motion for Reconsideration**

The parties' familiarity with the facts of the case are presumed and will not be recounted here. On February 4, 2019, this court dismissed all claims against McKesson Specialty Care Distribution Corporation, McKesson Specialty Care Distribution LLC, McKesson Specialty Care Distribution Joint Venture, L.P., US Oncology Specialty, L.P., and OTNJV on the ground that the Second Amended Complaint ("SAC"), which added these parties, was untimely and did not relate back to Omni's prior pleadings under Rule 15(c)(1)(C). Omni now argues that the court should reconsider its dismissal of the claims against OTNJV because (1) the court's reliance on *United States v. Baylor Univ. Med. Ctr.*, 469 F.3d 263, 270 (2d Cir. 2006), was misplaced; and (2) relation back under Rule 15(c)(1)(C) is proper because the court overlooked that Omni had mistakenly failed to name OTNJV in its First Amended Complaint ("FAC"), and because of the close relationship between OTNJV and the timely named defendants.

To begin with, I note that no motion lies under Rule 59. *See In re Palermo*, 2011 WL 446209, at *4 (S.D.N.Y. Feb. 7, 2011). However, a party may bring a motion for reconsideration accompanied by "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civil Rule 6.3. Such a motion is not a "proper tool to relitigate arguments and issues already considered by the Court in deciding the original motion, nor is it proper to raise new arguments and issues in a motion for reconsideration." *Henry v. All. for Health, Inc.*, 2006 WL 3050873, at *1 (E.D.N.Y. Oct. 18, 2006) (citations omitted). Accordingly, motions for reconsideration will "generally be denied unless the moving party can

2

point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Omni's argument concerning *Baylor* is, in essence, a disagreement with the court's reliance on and analysis of that case. Contrary to defendants' assertions, the court thoroughly considered *Baylor* and is bound by its holding that "the touchstone for relation back . . . is notice." *Baylor*, 469 F.3d at 270. Disagreeing with the court's analysis, as Omni has done here, is not the same as referencing a "controlling decision" that the court has overlooked. *Shrader*, 70 F.3d at 257. Whereas the latter constitutes a valid ground for granting a motion for reconsideration, the former amounts to nothing more than an attempt to relitigate issues already decided.

The above analysis necessitates rejecting Omni's second argument as well. Since the "touchstone for relation back . . . is notice," *Baylor*, 469 F.3d at 270, it is irrelevant whether OTNJV was mistakenly omitted from the FAC,[1] or that it had a close relationship with the timely named defendants. "By design, the seal provision of § 3730(b) deprives the defendant in an FCA suit of the notice usually given by a complaint," but such notice is required for relation back under Rule 15. *See id.*

### B. Alternative Requests

Omni cites no authority supporting its request for discovery on the statute of limitations issue. Its request is based merely on its desire to "relitigate . . . issues already considered," i.e., the dismissal of the five entities added to the SAC. *Henry*, 2006 WL 3050873, at *1. Thus, this request is denied.

---

[1] Omni says that I overlooked this error. This is a curious position considering that Omni's mistake—something of which only Omni would be aware—was not brought to the court's attention on the underlying motion.

3

As to Omni's request for an interlocutory appeal, such a request can be granted only if the order in question involves "a controlling question of law about which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 864 (2d Cir. 1996) (citing 28 U.S.C. § 1292(b)). Because Omni has failed to persuade me that granting an interlocutory appeal would advance the "ultimate termination of the litigation," 28 U.S.C. § 1292(b), this request is also denied.

## II. Conclusion

Omni's motion for reconsideration is denied. Omni's additional requests for limited discovery or certification of an interlocutory appeal are also denied.

**SO ORDERED.**

/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

June 27, 2019
Brooklyn, New York