UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, THE STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, DISTRICT OF COLUMBIA, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, VIRGINIA, WASHINGTON, WISCONSIN, THE CITY OF CHICAGO, AND THE CITY OF NEW YORK *ex rel.* OMNI HEALTHCARE INC., <br><br> Plaintiffs, <br><br> v. <br><br> MCKESSON CORPORATION and ONCOLOGY THERAPEUTICS NETWORK CORPORATION, <br><br> Defendants. | Civil Action No. 1:12-CV-06440 (NG) (ST) |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is hereby stipulated and agreed to by the parties, and ORDERED by the Court as follows:

      1.     Any party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; or (b) that contains private or confidential personal information; or (c) that contains information received in confidence from third parties; or (d) that contains personally-identifiable medical information

1

including, but not limited to, any information required to be kept confidential pursuant to the provisions of the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d et seq. and 45 C.F.R. § 164 et seq., protected health information and individually identifiable health information defined by 45 C.F.R. § 160.103, and information otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, 42 C.F.R. § 431, Subpart F, and/or any other applicable federal or state law; or (e) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

2. With respect to personally-identifiable medical information, such information shall include, but not be limited to: (a) names and addresses, dates of birth, social security numbers, Medicare Program and/or Medicaid Program identification numbers, and other demographic information that identifies or could be used to identify Medicare or Medicaid-Enrolled individuals, (b) eligibility and entitlement information of Medicare and/or Medicaid-Enrolled individuals, (c) claims information relating to the past, present or future health care of Medicare and/or Medicaid Enrolled individuals, (d) claims information relating to the provision of healthcare to Medicare and/or Medicaid-Enrolled individuals, and (e) claims information relating to the past, present or future payment for the provision of healthcare to Medicare and/or Medicaid-Enrolled individuals.

3. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

4. Any non-party may designate documents, materials, or information produced by the non-party in this action as "Confidential" under the terms of this Order, and any such designation shall have the same force and effect, and create the same duties and obligations, as if made by a party. Any such designation shall also function as consent by the designating non-party to the authority of this Court to resolve any dispute with respect to any such designation, or any other matter arising under this Order.

5. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 6, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

6. Confidential material and the contents of Confidential material may be used solely in connection with this action and may not be disclosed except to the following individuals under the following conditions:

A. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

3

      B.  Outside experts or consultants retained by outside counsel or any party for purposes of this action, provided that such experts or consultants have first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

      C.  Mock jury participants, provides that such individuals have first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

      D.  Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

      E.  The Court and Court personnel;

      F.  Any deponent or trial or hearing witness may be shown or examined on any information, document, or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

      G.  Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, e-discovery providers, court reporters, litigation support personnel, jury consultants, individuals engaged to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

      H.  The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit or other employees whose business responsibilities relate to the subject matter of this action.

4

7.   With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 6(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 6(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately treat those portions of the deposition as having been designated Confidential under this Order.

8.   If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

A.   Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

5

B.  If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rules 37.3(b), (c). The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9.  To the extent that any party seeks to file with the Court a document designated as Confidential by the other party or a third party, the filing party must identify the document in writing to the designating party or third party no later than three (3) business days before the filing or service deadline. If the designating party or third party seeks to maintain the document's Confidentiality designation, it must so inform the filing party within two (2) business days after receiving the notification described in the preceding sentence, or else the document shall be deemed non-Confidential. If the designating party or third party timely provides the notice described in the preceding sentence, the filing party may file the document with the Court only under seal.

10. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional

disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential. Such notice shall constitute a designation of the information, document or thing as Confidential under this Order.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. If any person subject to this Order who has custody of any Confidential materials receives a subpoena or other process ("Subpoena") demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same in writing to counsel for the designating party and shall furnish such counsel with a copy of the Subpoena. The designating party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, or otherwise oppose production of the Confidential materials, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity. The recipient of the Subpoena shall not produce any Confidential materials prior to the date specified for production on the Subpoena.

14. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without

prejudice to the right of any party to move the Court for modification or for relief from any of its terms. Nothing in this order shall affect the admissibility into evidence of any document, material, or information in this action, whether produced pursuant to this Order or otherwise.

15. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16. This Order shall not affect the right of any party to knowingly waive the application of the Order to any Confidential material designated by that party.

17. If, after the execution of this Order, any Confidential material submitted by a designating party under the terms of this Order is disclosed by a non-designating party to any person other than in the manner authorized by this Order, the non-designating party responsible for the disclosure shall bring all pertinent facts relating to the disclosure to the immediate attention of the designating party.

18. Upon written request made by a designating party within thirty (30) days after the settlement or other final termination of this action, a receiving party shall have thirty (30) days to either (a) return to counsel for the designating party all Confidential materials and all copies thereof (except that counsel for each party may maintain in its files, in continuing compliance with the terms of this Order, all work product, one copy of each pleading filed with the Court, and one copy of each hearing or deposition transcript together with the exhibits marked at the hearing or deposition), (b) agree with counsel for the designating party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any documents, materials, or information not addressed by sub-paragraphs (a) and (b), file a

motion seeking an appropriate order. To the extent permitted by law, the Court shall retain continuing jurisdiction to review and rule upon any motion filed under sub-paragraph (c) above.

19. The parties and all signatories to the Non-Disclosure Agreement annexed hereto as Exhibit A agree to be bound by this Order pending its approval and entry by the Court. In the event that the Court modifies this Order, or in the event that the Court enters a different Order, the parties agree to be bound by this Order until such time as the Court may enter such a different Order.

Dated: October 1, 2019

_____
George F. Carpinello
Teresa A. Monroe
Boies Schiller Flexner LLP
30 South Pearl Street
Albany, New York 12207
Phone: (518) 434-0600
Fax: (518) 434-0665

Courtney Rockett
Lisa Sokolowski
Boies Schiller Flexner LLP
333 Main Street
Armonk, New York 10504
Phone: (914) 749-8200
Fax: (914) 749-8300

*Counsel for Relator Omni Healthcare, Inc.*

_____
Ethan M. Posner (*pro hac vice*)
Michael M. Maya (*pro hac vice*)
Giulia M. di Marzo (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: 202.662.6000
Fax: 202.662.6291
eposner@cov.com
mmaya@cov.com
gdimarzo@cov.com

*Counsel for Defendants*

IT IS SO ORDERED.

Dated: _____

_____
Hon. Nina Gershon
United States District Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, THE STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, DISTRICT OF COLUMBIA, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, VIRGINIA, WASHINGTON, WISCONSIN, THE CITY OF CHICAGO, AND THE CITY OF NEW YORK *ex rel.* OMNI HEALTHCARE INC., <br><br> Plaintiffs, <br><br> v. <br><br> MCKESSON CORPORATION and ONCOLOGY THERAPEUTICS NETWORK CORPORATION, <br><br> Defendants. | Civil Action No. 1:12-CV-06440 (NG) (ST) |

## NON-DISCLOSURE AGREEMENT

I,_____, acknowledge that I have read, understand and agree to be bound by the Protective Order in this action governing the non-disclosure of material that has been designated as Confidential. I agree that I will not disclose such Confidential material to anyone except as expressly provided by the Protective Order. I agree that I will not use Confidential material except for purposes of this litigation, or as otherwise provided by the Protective Order. I further agree that at the conclusion of the litigation, I will return all Confidential material to the party or attorney from whom I received it.

I further agree to keep strictly confidential any information defined as protected health information ("PHI") or individually identifiable health information ("IIHI") by the Health

10

Insurance Portability and Accountability Act (HIPAA) and 45 C.F.R. § 160. 103, and information otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, 42 C.F.R. § 431, Subpart F, and/or any other applicable federal or state law. Such information shall include, but not be limited to: (a) names and addresses, dates of birth, social security numbers, Medicare Program and/or Medicaid Program identification numbers, and other demographic information that identifies or could be used to identify, Medicare or Medicaid-Enrolled individuals, (b) eligibility and entitlement information of Medicare and/or Medicaid-Enrolled individuals, (c) claims information relating to the past, present or future health care of Medicare and/or Medicaid-Enrolled individuals, (d) claims information relating to the provision of healthcare to Medicare and/or Medicaid-Enrolled individuals, and (e) claims information relating to the past, present or future payment for the provision of healthcare to Medicare and/or Medicaid-Enrolled individuals.

I further agree to maintain commercially appropriate security safeguards to ensure that PHI or IIHI is not used or disclosed in violation of this Non-Disclosure Agreement or the Protective Order. I understand that these security measures must include safeguards necessary to protect the confidentiality of PHI and IIHI, and to prevent, contain, and correct security violations. I also agree to take steps necessary to detect any security violations to the extent such steps are reasonably available to me using technology already in my possession. I agree to implement security measures designed to protect against any reasonably anticipated security threats and any reasonably anticipated uses or disclosures not permitted by this Non-Disclosure Agreement or the Protective Order. I agree to report to counsel for the party that provided me with the material any breach of PHI or IIHI or any use or disclosure of PHI or IIHI not permitted by this Non-Disclosure Agreement or the Protective Order within two business days after it is

discovered. The notification of breach shall include, to the extent possible, the identification of each individual whose PHI or IIHI has been involved in the breach, a brief description of what happened, and the types of PHI or IIHI involved in the breach. Counsel, in turn, shall provide such report to counsel for all parties to this action within one business day of receiving such report. I agree to ensure that my workforce members, agents, and subcontractors agree to the same restrictions, conditions, breach-notification procedures, and safeguards for PHI and IIHI set forth by this Non-Disclosure Agreement and the Protective Order.

      By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to appropriate sanctions.

Dated: _____         _____