UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

UNITED STATES OF AMERICA, THE
STATES OF CALIFORNIA, COLORADO,
CONNECTICUT, DELAWARE,
DISTRICT OF COLUMBIA, FLORIDA,
GEORGIA, HAWAII, ILLINOIS,
INDIANA, IOWA, LOUISIANA,
MARYLAND, MASSACHUSETTS,
MICHIGAN, MINNESOTA, MONTANA,
NEVADA, NEW HAMPSHIRE, NEW
JERSEY, NEW MEXICO, NEW YORK,
NORTH CAROLINA, OKLAHOMA,
RHODE ISLAND, TENNESSEE, TEXAS,
VERMONT, VIRGINIA, WASHINGTON,
WISCONSIN, THE CITY OF CHICAGO,
AND THE CITY OF NEW YORK *ex rel.*
OMNI HEALTHCARE INC.,

      Plaintiffs,

-against-

MCKESSON CORPORATION AND
ONCOLOGY THERAPEUTICS
NETWORK CORPORATION,

      Defendants.

OPINION & ORDER

12-cv-6440 (NG) (ST)

-------------------------------------------------------- x

**GERSHON, United States District Judge:**

    Relator Omni Healthcare, Inc. ("Omni") brings this *qui tam* action on behalf of the United States and various state and municipal entities, alleging violations of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, by defendant McKesson Corporation ("McKesson"). On August 22, 2025, Omni sought a finding that McKesson had waived attorney-client privilege over certain communications and topics by introducing evidence of its subjective good faith and conversations with counsel in its moving papers on its summary judgment briefing. This, Omni argued, was in contravention of McKesson's position that it would not do so. McKesson took this position in

2023 before the magistrate judge supervising discovery, Judge Steven Tiscione, in order to avoid a privilege waiver. After briefing and oral argument on this issue, I granted Omni's motion on December 4, 2025 and ordered the depositions of certain McKesson witnesses to be reopened and certain withheld communications to be produced. *United States v. McKesson Corp.*, 2025 WL 3651471 (E.D.N.Y. Dec. 4, 2025).

McKesson now moves for reconsideration or certification for appeal. McKesson does not challenge my determination that it waived privilege (although it reserves the right to do so in later appellate review). McKesson limits its motion to challenging my remedial ruling that Omni is entitled to further discovery; it asks that I instead permit it to withdraw the statements that gave rise to the finding of waiver. In the alternative, it seeks certification of the remedial ruling for an interlocutory appeal. Omni, in its opposition, "cross-moves" for attorneys' fees for responding to McKesson's motion. For the reasons set forth below, McKesson's motion is denied. Omni's motion for attorneys' fees is also denied.

**I.    Reconsideration**

Local Civil Rule 6.3 requires a party moving for reconsideration to "set[] forth concisely the matters or controlling decisions which the moving party believes the court has overlooked." (emphasis added). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to *controlling decisions or data* that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995) (emphasis added).

McKesson itself recognizes this standard in its moving papers. Yet its motion for reconsideration is devoid of any controlling decisions or data that the court overlooked. It relies

instead on non-controlling decisions of district courts where a privilege waiver was found but the waiving party was allowed to withdraw the arguments or defenses at issue.[1]  Nor does McKesson, in arguing that the court overlooked "context" in choosing the appropriate remedy, identify matters that were not considered by the court.[2]

Because McKesson's motion "appears principally to express disagreement with the Court's ruling, rather than facts or controlling law the Court overlooked," I conclude that reconsideration is not warranted.  *Coventry Cap. US LLC v. EEA Life Settlements Inc.*, 439 F. Supp. 3d 169, 177 (S.D.N.Y. 2020).

## II. Certification for Appeal

28 U.S.C. § 1292(b) provides that a district court may certify an interlocutory appeal if all of three criteria are met:  (1) "such order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  However, interlocutory appeals are disfavored.  The Second Circuit has "repeatedly cautioned" that the use of this

---

[1] *See In re Keurig Green Mountain Single Serve Coffee Antitrust Litig.*, 2019 WL 2724269 (S.D.N.Y. July 1, 2019); *Nelson v. Sabre Companies, LLC*, 2018 WL 4030533 (N.D.N.Y. July 9, 2018); *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607 (S.D.N.Y. 2014); *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, 2012 WL 2568972 (S.D.N.Y. July 3, 2012).  Not only are these cases not controlling, but they do not involve the remedial issue presented here, namely, what remedy to impose where the waiving party has already had the opportunity to withdraw a good faith defense, and has in fact done so over two years ago.  Put another way, the decisions McKesson relies on are more akin to the situation before Judge Tiscione than the situation before me.  Regardless, they reflect no controlling principle of law but simply each court's exercise of discretion in the face of the facts before it.

[2] It was not, as McKesson argues, the conduct of Omni that gave rise to McKesson's waiver, nor the ruling of the court that "force[d]" it to "resurrect" its good faith defense.  Defs' Mot. for Reconsideration at 6-8.  I found an implied waiver based on the conduct of McKesson, namely, that it affirmatively introduced evidence of its subjective intent and good faith in support of its summary judgment motion after unequivocally agreeing not to do so.

certification procedure should be "strictly limited" because only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (alteration in original). Put differently, § 1292(b) "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).

Because the remedial ruling presents no controlling question of law (and McKesson does not offer any argument to the contrary), it is not appropriate for certification. A controlling question of law is one that the reviewing court "could decide quickly and cleanly without having to study the record." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014). "Fact-dependent matters that are within the district court's discretion, such as the scope of a privilege waiver, do not involve a 'controlling issue of law' under § 1292(b)." *Convole, Inc. v. Compaq Computer Corp*, 2006 WL 2788234, at *2 (S.D.N.Y. Sept. 27, 2006). I determined the appropriate scope of the remedial ruling by carefully examining the record. That determination was a fact-bound, discretionary matter and does not pose a question of law suitable for certification.

### III. Attorney's Fees

Attorney's fees may be imposed in the court's discretion pursuant to the demanding standard laid out by the Second Circuit:

> Under its inherent powers to supervise and control its own proceedings, a district court has the authority to award attorney's fees to the prevailing party when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Similarly, under [28 U.S.C. § 1927], a district court may award attorney's fees against an attorney or other party authorized to practice before the courts who multiplies the proceedings in any case unreasonably and vexatiously. To impose sanctions under either authority, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith — that is, motivated by improper purposes such as harassment or delay.

*Eisemann v. Greene*, 204 F.3d 393, 395-96 (2d Cir. 2000) (cleaned up); *see also Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) ("Like an award made pursuant to the court's inherent power, an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.").

I decline to impose the sanction of attorney's fees upon McKesson. Omni asks me to draw an inference of McKesson's bad faith from the lack of merit of the instant motion. However, while "the failure to meet the standards of Local Rule 6.3" is a proper basis to deny reconsideration, it "is not, without more, a proper basis for the imposition of sanctions." *Eisemann*, 204 F.3d at 397. Although McKesson has not met the standard for reconsideration under Local Civil Rule 6.3 or certification for interlocutory appeal under § 1292(b), Omni must point to more that would make an award of attorney's fees proper under either § 1927 or the court's inherent power. Omni's showing here, based on counsel for McKesson's statements on oral argument regarding his willingness to follow the court's instructions, is not sufficient to establish McKesson's bad faith.

### IV.    Conclusion

For the foregoing reasons, McKesson's motion for reconsideration or alternative request for certification for interlocutory appeal is denied. Omni's motion for attorney's fees is denied.

**SO ORDERED.**

**NINA GERSHON**
**United States District Judge**

January 27, 2026
Brooklyn, New York